UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NARCISO CRUZ-RODAS, et al.,

                Petitioners,

      v.

BRUCE SCOTT, et al.,

               Respondents.[1]

Case No. 2:26-cv-00012-TMC

ORDER GRANTING IN PART, DENYING IN PART, AND DISMISSING IN PART PETITION FOR WRIT OF HABEAS CORPUS

## I.    INTRODUCTION AND BACKGROUND

Before the Court is a petition for writ of habeas corpus filed by Petitioners Narciso Cruz-Rodas, Mercedes Espinoza-Balcaceres, and Miguel Angel Lopez Esteban. Dkt. 1. Petitioners seek release from their detention in United States immigration facilities. *Id.*

The proceedings in this matter are somewhat complex, in part due to the failure of Petitioners' counsel to promptly supply Respondents and the Court with accurate and up-to-date information regarding Petitioners' identities and whereabouts. This case commenced on January 2, 2026, when Petitioners filed a petition for writ of habeas corpus arguing that Respondents had

---

[1] Kristi Noem, Secretary of the Department of Homeland Security, is substituted for Alejandro Mayorkas under Federal Rule of Civil Procedure 25(d). The Clerk is directed to amend the caption to reflect this change.

unlawfully subjected them to mandatory detention without the possibility of release on bond. *Id.* at 4–5. At the time of filing, Petitioners were all detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC"), *id.* at 3, and alongside the petition, they moved for a temporary restraining order ("TRO") preventing their transfer to another judicial district during the habeas proceedings. Dkt. 3. On that day, the U.S. District Court for the Western District of Washington was closed for the New Year holiday, and Petitioners' counsel did not call the after-hours phone line to alert the Court that Petitioners had filed an emergency motion. Therefore, the Court was unable to adjudicate the TRO motion until the following Monday, January 5.

Once the Court reopened, the case was assigned to a District Judge, who issued a standard scheduling order requiring Respondents to provide Petitioners and their counsel with 48 hours' notice before any effort to transfer Petitioners to another facility or remove them from the United States during these habeas proceedings. Dkt. 5 ¶ 3. The order also required counsel for Petitioners to "provide Petitioner(s)' A-file number[s] promptly to the U.S. Attorney's Office via email to USAWAW.ImmigrationHabeasAnumbers@usdoj.gov." *Id.* ¶ 5. That same day, the case was reassigned to the undersigned District Judge. Dkt. 8. The Court then denied the TRO motion because Petitioners had failed to allege specific facts demonstrating an imminent risk of transfer out of NWIPC. Dkt. 9; *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22, 24 (2008).

On January 20, Federal Respondent filed a return to the habeas petition and attached copies of Petitioners' immigration records. Dkts. 12–14, 14-1–14-11. On January 26, Petitioners filed a traverse, arguing in part that the return had erroneously discussed a non-party, "Miguel Antonio-Lopez," rather than Petitioner Lopez Esteban. Dkt. 15 at 3. Petitioners also informed the Court for the first time that (1) Cruz-Rodas had been transferred to a detention facility in Georgia the day after the habeas petition was filed; and (2) Espinoza-Balcaceres was no longer

ORDER GRANTING IN PART, DENYING IN PART, AND DISMISSING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 2

represented by Petitioners' counsel or seeking habeas relief at this time. *Id.* at 2–3. Two days

later, Federal Respondent filed a supplemental memorandum with arguments regarding Lopez

Esteban. Dkt. 16. The parties also filed a stipulated motion to seal the immigration records

included with the return, as they contained confidential information about a non-party. Dkt. 17.

The Court granted the motion to seal. Dkt. 18.

The habeas petition is now ripe for the Court's review. For the reasons set forth below,

the Court GRANTS the petition as to Lopez Esteban, DENIES the petition as to Cruz-Rodas, and

DISMISSES the petition without prejudice as to Espinoza-Balcaceres.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their

respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the

preponderance of the evidence that they are "in custody in violation of the Constitution or laws

or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004);

28 U.S.C. § 2241(c).

## III.    DISCUSSION

The Court discusses each Petitioner in turn.

### A.    Cruz-Rodas has not shown that he is entitled to habeas relief or mandatory injunctive relief.

In the habeas petition, Cruz-Rodas argues that Respondents have unlawfully subjected

him to mandatory detention under 8 U.S.C. § 1225(b) when he is instead entitled to consideration

for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 at 4–5; *see* 8 U.S.C. §§ 1225(b)(2)(A)

(requiring the government to detain any "applicant for admission" who is "seeking admission" to

the United States and "is not clearly and beyond a doubt entitled to be admitted"), 1226(a)(2)

(permitting the government to release a detained noncitizen on "bond of at least $1,500 with

security approved by, and containing conditions prescribed by, the Attorney General"). The only specific facts he has submitted to support his claim for relief are that the government issued him a Notice to Appear ("NTA") on December 10, 2025, and that he had a hearing scheduled in immigration court on January 9, 2026. Dkt. 1 at 3.

Federal Respondent submits evidence that Cruz-Rodas was admitted to the United States in May 2013 on a temporary visa and has been charged with remaining in the United States for a longer period than admitted. Dkt. 14-1 at 2; Dkt. 14-2 at 3; *see* 8 U.S.C. § 1227(a)(1)(B). Based on those factual circumstances, Federal Respondent maintains that the government considers Cruz-Rodas to be subject to discretionary detention under 1226(a) and that Cruz-Rodas has not exhausted his administrative remedies by seeking a bond hearing from an Immigration Judge ("IJ"). Dkt. 12 at 4–5. In the traverse, Cruz-Rodas does not dispute Federal Respondent's contention that he is detained under 1226(a); instead, he argues that "[h]is habeas claim rests instead on Respondents' post-filing transfer, which impaired access to counsel and this Court's ability to adjudicate his pending habeas petition." Dkt. 15 at 2.

Because Cruz-Rodas has not demonstrated by a preponderance of the evidence that "the fact or duration of his confinement" violates any law, habeas relief is not available to him at this time. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973); *Davis*, 384 F.3d at 638. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser*, 411 U.S. at 484. Having abandoned his argument that he is detained under § 1225(b), Cruz-Rodas points to no authority that renders his detention unlawful. *See* Dkt. 15 at 2–3. This precludes habeas relief from this Court.[2] To obtain possible release from custody, he must pursue

---

[2] Because a habeas petitioner bears the burden of demonstrating his entitlement to relief, the Court declines Cruz-Rodas's request to defer a decision on the merits of this petition based on an "incomplete record." Dkt. 15 at 4.

ORDER GRANTING IN PART, DENYING IN PART, AND DISMISSING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 4

the remedy contemplated under § 1226(a), the statute governing his detention: a bond hearing before an IJ. *See* 8 U.S.C. § 1226(a)(2).

Cruz-Rodas now asks the Court to order his return to NWIPC. Dkt. 15 at 5. This is a request for a "mandatory injunction," which "'order[s] a responsible party to take action' going 'well beyond simply maintaining the status quo.'" *Betschart v. Oregon*, 103 F.4th 607, 619 (9th Cir. 2024) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). A party seeking a mandatory injunction must demonstrate "that the law and facts clearly favor [his] position." *Id.* (quoting *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc)). Here, Cruz-Rodas does not identify any law or facts favoring release from custody. Instead, while acknowledging that transfer to another facility does not defeat habeas jurisdiction, *see Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004), he somewhat confusingly argues that the Court should order his return to NWIPC "to restore the Court's ability to exercise its habeas jurisdiction." Dkt. 15 at 2–3. This meritless contention is not a basis for injunctive relief.

Cruz-Rodas's argument that transfer has impeded his access to counsel is similarly unpersuasive. Cruz-Rodas had an opportunity earlier in this litigation to seek an order enjoining his transfer, but Petitioners' TRO motion failed to allege *any* facts showing an imminent likelihood of transfer. *See* Dkt. 3. After filing the petition and accompanying motion on a Western District of Washington holiday, Petitioners' counsel did not use the after-hours procedure established for this purpose to inform the Court that an emergency motion had been filed. As a result, the Court was not aware of the motion until after Cruz-Rodas had already been transferred. Petitioners' counsel then waited over three weeks to inform the Court that he had been transferred out of NWIPC. Having failed to properly seek temporary injunctive relief earlier in this litigation, Cruz-Rodas cannot now argue that his return to NWIPC is necessary to preserve his access to counsel in these proceedings.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**B.      The Court dismisses the Petition as to Espinoza-Balcaceres.**

In the habeas petition, Espinoza-Balcaceres raises the same arguments as Cruz-Rodas regarding the legality of his detention. *See* Dkt. 1 at 4–5. Federal Respondent argues that Espinoza-Balcaceres, like Cruz-Rodas, was admitted to the United States on a temporary, now-expired visa and thus is subject to discretionary detention under § 1226(a). Dkt. 12 at 4–5. In the traverse, Petitioners' counsel does not respond to this argument but instead states that she no longer represents Espinoza-Balcaceres, and thus "no relief is sought on his behalf." Dkt. 15 at 3.

Because Espinoza-Balcaceres no longer seeks habeas relief from this Court, the Court dismisses the habeas petition without prejudice as to him. The Court does not decide whether Espinoza-Balcaceres is lawfully detained.

**C.      Lopez Esteban is entitled to habeas relief as a member of the *Rodriguez Vazquez* Bond Denial Class.**

Respondents consider Lopez Esteban to be subject to mandatory detention under § 1225(b), meaning that he has not been afforded the opportunity to seek release on bond. Dkt. 1 at 4–5; Dkt. 16 at 2–4. Lopez Esteban argues that he is entitled to relief under this Court's declaratory judgment in *Rodriguez Vazquez v. Bostock*, in which the Court held that a certain class of detainees is entitled to bond hearings under § 1226(a). Dkt. 1 at 4–5; *see* 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). Federal Respondent contends that the factual allegations in the habeas petition do not demonstrate by a preponderance of the evidence that Lopez Esteban is entitled to relief under *Rodriguez Vazquez*. Dkt. 16 at 4–5. However, while expressing her continued disagreement with *Rodriguez Vazquez*, Federal Respondent asserts that she "do[es] not oppose Petitioner Miguel Angel Lopez Esteban being considered a member of the *Rodriguez Vazquez* Bond Denial Class for purposes of this litigation." *Id.* at 5.

1

2

In *Rodriguez Vazquez*, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez*, 802 F. Supp. 3d at 1336. The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Although it is a petitioner's burden to demonstrate entitlement to habeas relief, the Court appreciates and considers Federal Respondent's concession that Lopez Esteban is a member of the Bond Denial Class. Because Federal Respondent does not oppose Lopez Esteban's claim to Bond Denial Class membership, the Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Lopez Esteban is subject to discretionary detention under § 1226(a).[3] *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. His mandatory detention under § 1225(b) thus violates the Immigration and Nationality Act, and he is entitled to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

In reaching this conclusion, however, the Court also notes that absent Federal Respondent's candor to the tribunal, the habeas petition would not meet Lopez Esteban's burden of demonstrating membership in the Bond Denial Class. Decades of precedent in this circuit

---

[3] Of course, as the Court has now observed in several orders, if the parties to *Rodriguez Vazquez* were complying with the Court's declaratory judgment in that case, there would be no need for Bond Denial Class members to file habeas petitions. *See, e.g., Rodriguez Vazquez v. Hermosillo*, --- F. Supp. 3d ---, No. 3:25-cv-05240-TMC, 2026 WL 102461, at *3 (W.D. Wash. Jan. 14, 2026).

ORDER GRANTING IN PART, DENYING IN PART, AND DISMISSING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 7

make clear that "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief" under 28 U.S.C. § 2241. *Oosthuizen v. Ashcroft*, 96 F. App'x 494, 495 (9th Cir. 2004) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)). Here, the petition identifies Lopez Esteban only as "Miguel Lopez." Dkt. 1. It alleges no specific facts about this Petitioner other than that he "was issued an NTA on or around December 2025." *Id.* at 4. Based only on this single vague allegation and a conclusory recitation of the class definition, the petition asserts that he is entitled to relief as a member of the Bond Denial Class. *Id.* at 2–5. And while the traverse supplements these factual allegations, *see* Dkt. 15 at 3, neither the petition nor the traverse includes any evidence to support the factual contentions therein.

Before filing the habeas petition, counsel for Petitioners had an obligation to perform a reasonable inquiry into (1) whether the legal claims therein were "warranted by existing law" and (2) whether the petition's factual allegations had "evidentiary support." Fed. R. Civ. P. 11(b)(2), (3). Moreover, Federal Respondent's initial confusion about the identity of this Petitioner suggests that counsel for Petitioners did not comply with the Court's order to promptly supply Lopez Esteban's A-file number to Federal Respondent's counsel—perhaps because she did not have it available. *See* Dkt. 5 ¶ 5. If counsel lacked sufficient information about these Petitioners to determine whether they had a colorable claim to habeas relief, it was incumbent upon her not to file a petition on their behalf until she had conducted a reasonable inquiry into the facts and law underlying their claims. Failure in future cases to make sufficient allegations or to submit evidence supporting claims for relief may result in denial of habeas relief, dismissal of unsupported claims, or sanctions.

**D.    Petitioners' other requests for injunctive relief are moot or inadequately briefed.**

In the habeas petition, Petitioners request an order "enjoining Respondents from transferring Petitioners outside the Western District of Washington or removing Petitioner[s] from the United States without a 48-hour notice while their immigration proceedings are pending and until the relief ordered herein is effectuated." Dkt. 1 at 5. They also ask the Court to "prohibit[] Respondents from re-detaining Petitioner[s] based on the same statutory interpretation declared unlawful in *Rodriguez Vazquez v. Bostock*, including the interpretation that noncitizens apprehended in the interior are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)" and to "order[] Respondents, upon Petitioners' release, to promptly return all personal property, including personal identification documents (other than a passport) and employment authorization documents." *Id.*

Federal Respondent contends that the Court should deny Petitioners' requests for injunctive relief because Petitioners do not "argue that any alleged violation is likely to recur." Dkt. 12 at 6. She further argues that Petitioners' request for pre-transfer notice during the pendency of their removal proceedings is improperly developed and that such an order would impermissibly interfere with the Attorney General's discretion to arrange for an appropriate location of detention for a noncitizen detained pending removal. *Id.* at 7; *see* 8 U.S.C. § 1231(g).

The Court construes Petitioners' first request as seeking an order requiring pre-transfer notice until the Court has resolved their habeas petition. That request was already encompassed by the order entered at Dkt. 5, and it will be moot once this Order adjudicating the habeas petition is entered. And to the extent that Petitioners seek other relief, including the return of personal property and a prohibition on re-detention, those requests have not been sufficiently briefed.

ORDER GRANTING IN PART, DENYING IN PART, AND DISMISSING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 9

## IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED as to Petitioner

Miguel Angel Lopez Esteban, DENIED as to Petitioner Narciso Cruz-Rodas, and

DISMISSED without prejudice as to Petitioner Mercedes Espinoza-Balcaceres.

2.    Within fourteen days of receiving Petitioner Miguel Angel Lopez Esteban's

request for a bond hearing, Respondents must either release him or provide him a

bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice

Act, 28 U.S.C. § 2412.


Dated this 2nd day of February, 2026.

Tiffany M. Cartwright
United States District Judge